# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BLESSING N. ODIMEGWU, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 13-12375-FDS |
| MANDELA HOMES LIMITED PARTNERSHIP, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

**SAYLOR, J.**

Plaintiff Blessing N. Odimegwu filed complaint *pro se* against a state-court judge, two attorneys, and Mandela Homes Limited Partnership arising out of a February 2005 incident in which Odimegwu was allegedly assaulted and handcuffed by a Mandela Homes security officer after she resisted the towing of her vehicle, as well a subsequent civil action filed in 2008 in Suffolk Superior Court. The complaint asserted claims under 15 U.S.C. § 1, 28 U.S.C. § 1343, and 42 U.S.C. §§ 1981-1986, and under state law. On March 19, 2014, the Court dismissed the complaint for failure to state a claim upon which relief can be granted and lack of jurisdiction.

Odimegwu has moved for relief from the judgment pursuant to Fed. R. Civ. P. 60(b). For the reasons set forth below, the motion will be denied.

**II.    Analysis**

The evaluation of a motion for reconsideration brought pursuant to Fed. R. Civ. P. 60(b) is "committed to the district court's sound discretion." *Stonkus v. City of Brockton Sch. Dept.*, 322

F.3d 97, 100 (1st Cir.2003). The rule provides several grounds for relief from a judgment or order, including "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Motions under this rule are ordinarily granted only when exceptional circumstances are present, but "district courts have broad discretion to determine whether such circumstances exist." *Ahmed v. Rosenblatt*, 118 F.3d 886, 891 (1st Cir.1997). The contours of Rule 60(b)(6), the "catch-all" provision, are "particularly malleable," and the Court's "decision to grant or deny such relief is inherently equitable in nature." *Ungar v. PLO*, 599 F.3d 79, 83, 84 (1st Cir. 2010).

While the motion is not entirely clear, plaintiff seems to assert that the order dismissing the complaint was erroneous as a matter of law. She contends, contrary to that order, that the Court does have jurisdiction to review the state court's judgment; that the two attorneys and Mandela Homes Limited Partnership are state actors for purposes of § 1983; that the state court judge does not have judicial immunity when acting in her capacity as judge; and that the limitations period for the § 1983 claim has not expired because the injury is ongoing, in that her arm remains injured since the 2005 incident. For the reasons stated in the prior order, those arguments are unavailing.

Notably, after pointing out the deficiencies in the complaint, the Court granted plaintiff leave to file a response or amended complaint within 35 days. Plaintiff filed a so-called "motion to accept complaint as filed," but failed to make any changes or corrections to the complaint as outlined in the order.

In sum, none of the grounds for relief set out in Fed. R. Civ. P. 60(b) are present here. Accordingly, the motion for relief from judgment will be denied.

## III. Conclusion

For the foregoing reasons, plaintiff's motion for relief from judgment is DENIED.

**So Ordered.**

                                          /s/ F. Dennis Saylor  
                                          F. Dennis Saylor IV  
                                          United States District Judge

Dated:  April 11, 2014